Dear Mr. Boudreaux:
You have requested an opinion of the Attorney General regarding refunds of overpayment of property taxes. You state that the notice (i.e., registered letter) to the delinquent taxpayer categorically reflects the amount of tax due, one month's interest on said tax, and the cost of advertising (i.e., $9.50). You further state that, in some cases, a taxpayer will remit the total amount (i.e., tax, interest and advertising fee) within the 30-day period, thus obviating the need for the advertisement and sale. As a result, an overpayment occurs in the amount of unaccrued interest and the $9.50 advertising fee.
You ask whether the tax collector is required to refund all or a portion of these overpayment. For example, can a policy be implemented that would enable the tax collector to retain all refunds of $10.00 or less to offset the administrative expenses associated therewith.
This office has consistently opined that, in the absence of express statutory authority to the contrary, all costs associated with the payment and collection procedure for property taxes must be borne by the tax collector. Attorney General Opinion Nos. 74-1643, 76-1715, 77-1088, 82-661. We are of the opinion that the administrative costs associated with the refunding of overpayment, as described above, falls within the collection procedure.
A review of the statutory provisions relating to the payment and collection of property taxes, including the payment of delinquent taxes, reveals no authority for the retention of overpayment. Accordingly, it is our opinion that there is no legal authority for the sheriff and ex officio tax collector to enact a policy enabling him to retain overpayment of property taxes.
Trusting this adequately responds to your inquiry, I am
Yours very truly,
 RICHARD P. IEYOUB Attorney General
 BY: ROBERT E. HARROUN, III Assistant Attorney General
RPI/ROB3/bb
cc: Mr. Buddy Hodgkins La. Sheriff's Association
0147R